# EXHIBIT 1

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | NOT ORIGINAL DOCUMENT<br>10/07/2021 Case #: **21-CI-00179**<br>83583<br>Court:    **CIRCUIT**<br>County:  **BRECKINRIDGE** |

*Plantiff,* **JOUETT, ALICE J. VS. CIRCLE K STORES, INC. ET AL**, *Defendant*

TO:  **LAURA C. END**

    **126 BUCKHAVEN WAY**

    **LEXINGTON, SC 290721816**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Cindy M. Rhodes*

Breckinridge Circuit Clerk
Date: **9/28/2021**

Presiding Judge: HON. BRUCE BUTLER (646264)

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____

                                  _____

                                        Served By

                                      _____

                                        Title

CI : 000001 of 000001



eFiled

AOC-E-105          Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice          Courts.ky.gov

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

NOT ORIGINAL DOCUMENT
10/07/2021
83563

Case #: **21-CI-00179**
Court: **CIRCUIT**
County: **BRECKINRIDGE**

---

*Plaintiff,* **JOUETT, ALICE J. VS. CIRCLE K STORES, INC. ET AL**, *Defendant*

TO:  **CORPORATION SERVICE COMPANY**

   **421 WEST MAIN STREET**

   **FRANKFORT, KY 40601**

Memo: Related party is CIRCLE K STORES, INC.

The Commonwealth of Kentucky to Defendant:
**CIRCLE K STORES, INC.**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Cindy M. Rhodes*

Breckinridge Circuit Clerk
Date: **9/28/2021**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____

   _____
                                          Served By

   _____
                                          Title

Summons ID: @00000046232
CIRCUIT: 21-CI-00179 Certified Mail
JOUETT, ALICE J. VS. CIRCLE K STORES, INC. ET AL



Page 1 of 1



Presiding Judge: HON. BRUCE BUTLER (646264)

CI : 000001 of 000001

Filed          21-CI-00179        09/28/2021        Cindy Rhodes, Breckinridge Circuit Clerk

NOT ORIGINAL DOCUMENT
10/07/2021 09:05:39 AM
83553

COMMONWEALTH OF KENTUCKY
BRECKINRIDGE CIRCUIT COURT
DIVISION _____
CIVIL ACTION NO. 21-CI-_____

ELECTRONICALLY FILED

ALICE J. JOUETT                                                    PLAINTIFF

**COMPLAINT**

VS

CIRCLE K STORES, INC.                                             DEFENDANT

SERVE:        Corporation Service Company
              421 West Main Street
              Frankfort, KY 40601

AND

LAURA C. END                                                     DEFENDANT

SERVE:        Laura End
              126 Buckhaven Way
              Lexington, SC 29072-1816

*    *    *    *    *

Comes now the Plaintiff, Alice J. Jouett, by counsel, and for her complaint and cause of action against the Defendants Circle K Stores, Inc., and Laura C. End, states to the court as follows:

1.      At all times relevant hereto, Plaintiff Alice J. Jouett (hereinafter "Jouett") was a resident of Kentucky.

2.      The Defendant Circle K Stores, Inc. ("Circle K"), is a corporation doing business in Breckinridge County, Kentucky.

3.      The Defendant Laura C. End, is an individual owning property and doing business in Breckinridge County, Kentucky.

Presiding Judge: HON. BRUCE BUTLER (646264)

COM : 000001 of 000005

Filed          21-CI-00179      09/28/2021      Cindy Rhodes, Breckinridge Circuit Clerk

NOT ORIGINAL DOCUMENT
10/07/2021 09:05:39 AM
83553

4.      Venue exists in this Court because the injury that forms the basis of the cause of action giving rise to the Complaint occurred in Breckinridge County, Kentucky.

5.      The damages claimed herein are in excess of the amount necessary to establish jurisdiction of this Court.

6.      At all times relevant hereto the Defendant Circle K owned, operated, controlled, maintained, supervised, or were otherwise responsible for property located at 503 W US 60, Irvington, KY (a/k/a Circle K convenience store and gas station), and by and through defendants agents, ostensible agents, servants, employees and/or other representatives, had a duty to maintain and keep the above-referenced premises safe for the use of its patrons, to exercise reasonable care for the safety of the Plaintiff, and to eliminate or warn of dangerous conditions on the premises.

7.      At all times relevant hereto the Defendant Laura C. End owned, operated, controlled, maintained, supervised, or was otherwise responsible for property located at 503 W US 60, Irvington, KY (a/k/a Circle K convenience store and gas station), and by and through defendants agents, ostensible agents, servants, employees and/or other representatives, had a duty to maintain and keep the above-referenced premises safe for the use of its patrons, to exercise reasonable care for the safety of the Plaintiff, and to eliminate or warn of dangerous conditions on the premises.

8.      On or about November 25, 2020, the Plaintiff, Alice J. Jouett, while a business invitee lawfully and properly on defendants' premises (a/k/a Circle K convenience store and gas station), was injured on property owned and/or maintained by defendants and their agents, ostensible agents, servants, employees, and/or other representative's negligence, and/or as a result of a dangerous condition created and/or not maintained by the defendants

Presiding Judge: HON. BRUCE BUTLER (646264)

COM : 000002 of 000005

2

Filed          21-CI-00179          09/28/2021          Cindy Rhodes, Breckinridge Circuit Clerk

NOT ORIGINAL DOCUMENT
10/07/2021 09:05:39 AM
83553

and their agents, ostensible agents, servant, employees, and/or representatives. More specifically, Plaintiff was injured when she tripped on a piece of carpeting that was unaware to her as she walked in the entrance of the store was wet and had bunched up caused her to trip and fall striking her head on the ATM machine and the wall inside the store.

9.     At all times relevant hereto, defendants had actual knowledge, or in the exercise of due care should have known, that the carpeting was faulty inside of the business and therefore owned, operated, maintained, supervised and/or managed their respective properties in an unsafe and hazardous condition.

10.     The defendants failed to make any effort whatsoever to warn the public, including Plaintiff, of the unsafe and hazardous condition created by the piece of carpeting that was faulty inside of the business.

11.     The defendants had actual knowledge, or in the exercise of due care should have known, that the unreasonably safe manner in which it owned, operated, maintained, supervised and/or managed the carpeting in the business created an unsafe and hazardous condition that could cause the public, including Plaintiff, to sustain physical harm.

12.     The defendants had an affirmative duty to the public, including Plaintiff, to take all reasonable steps to own, operate, maintain, supervise and/or manage their premises in a reasonably safe manner so as to prevent foreseeable harm to the public, including Plaintiff.

13.     The defendants breached their duties owed to Plaintiff and otherwise acted negligently by failing to own, operate, maintain, supervise and/or manage their premises in a reasonably safe manner and by failing to take reasonable steps to prevent foreseeable harm to Plaintiff.

Presiding Judge: HON. BRUCE BUTLER (646264)

COM : 000003 of 000005

Filed          21-CI-00179      09/28/2021      Cindy Rhodes, Breckinridge Circuit Clerk

NOT ORIGINAL DOCUMENT
10/07/2021 09:05:39 AM
83553

14.    At the time of his injury the Plaintiff was exercising due care for her own safety.

15.    The defendants and their agents, ostensible agents, servants, employees, and/or other representatives breached their duty of care to the Plaintiff.

16.    The defendants' breach of the duty of care caused the Plaintiff's injuries.

17.    As a direct and proximate result of the conduct of the defendants, Plaintiff has sustained damages which include, but are not limited to, permanent personal injuries, significant medical expenses, physical pain, mental and emotional suffering, diminution of enjoyment or quality of life, lost wages, and impairment of the ability to earn, all past, present, and future, and exceeding the minimal jurisdiction limits of this Court.

18.    That the Defendants Circle K and Laura C. End are jointly and severally liable for the damages to the Plaintiff.

WHEREFORE, the Plaintiff Alice J. Jouett, prays for Judgment against the Defendants, Circle K Stores, Inc., and Laura C. End, jointly and severally, as follows:

1. Judgment for compensatory damages against the Defendants in a fair and reasonable amount to be determined by a jury sitting at the trial of this matter, but in an amount sufficient to confer jurisdiction on this Court;

2. For a trial by jury on all allowable issues;

3. For court costs and attorney fees incurred herein;

4. For interest pre- and post-judgment; and

5. For any and all other relief in which it appears Plaintiff is entitled.

Respectfully submitted,

  /s/ Larry D. Ashlock_____
Larry D. Ashlock, Esq.
Ashlock Law Group, PLLC
306 West Dixie Ave.

Presiding Judge: HON. BRUCE BUTLER (646264)

COM : 000004 of 000005

Filed        21-CI-00179        09/28/2021        Cindy Rhodes, Breckinridge Circuit Clerk

NOT ORIGINAL DOCUMENT
10/07/2021 09:05:39 AM
83553

Elizabethtown, KY 42701
(270) 360-0470
Larry@AshlockLawGroup.com

Presiding Judge: HON. BRUCE BUTLER (646264)

COM : 000005 of 000005

5

Filed        21-CI-00179      10/22/2021        Cindy Rhodes, Breckinridge Circuit Clerk

COMMONWEALTH OF KENTUCKY
BRECKENRIDGE CIRCUIT COURT
CASE NO. 21-CI-00179

***ELECTRONICALLY FILED***

ALICE J. JOUETT                                                                PLAINTIFF

v.

CIRCLE K STORES, INC.

and

LAURA C. END                                                                 DEFENDANTS

---

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

---

Defendants, Circle K. Stores, Inc. and Laura C. End, for their Answer to Plaintiff's Complaint, hereby states:

**<u>FIRST DEFENSE</u>**

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Defendants.

**<u>SECOND DEFENSE</u>**

As to the numbered paragraphs in Plaintiff's Complaint:

1.       Defendants deny for want of knowledge the averments in Paragraph 1 of Plaintiff's Complaint.

2-3.     Defendants deny as stated the averments in Paragraphs 2 and 3 of Plaintiff's Complaint.

4-5.     The averments in Paragraphs 4 and 5 constitute legal statements or conclusions that should be taken as avoided or denied as a matter of form.

1

Filed        21-CI-00179      10/22/2021        Cindy Rhodes, Breckinridge Circuit Clerk

011C4762-9028-4B0E-B614-6710DC40EC08 : 000001 of 000005

ANS : 000001 of 000005

Filed 21-CI-00179 10/22/2021 Cindy Rhodes, Breckinridge Circuit Clerk

6-7. Defendants deny as stated the averments in Paragraphs 6 and 7 of Plaintiff's Complaint.

8-11. Defendants deny the averments in Paragraphs 8, 9, 10, and 11 of Plaintiff's Complaint.

12. The averments in Paragraph 12 of Plaintiff's Complaint constitute legal statements or conclusions that should be taken as avoided or denied as a matter of form.

13-18. Defendants deny the averments in Paragraphs 13, 14, 15, 16, 17 and 18 of Plaintiff's Complaint.

## THIRD DEFENSE

Subject to what discovery may reveal, the damages alleged in Plaintiff's Complaint were caused, in whole or in part, by Plaintiff's contributory or comparative negligence by reason of her failure to use that degree of care which would have been used by an ordinary, reasonable, and prudent person under the same or similar circumstances. Any damages to which Plaintiff may be found entitled are barred and should be reduced in proportion to the amount of fault attributable to Plaintiff. The negligence of Plaintiff proximately caused, contributed to, and was a substantial factor in causing the damages, if any, alleged in Plaintiff's Complaint.

## FOURTH DEFENSE

Defendants' conduct was not the proximate cause or substantial factor in causing any damage alleged by Plaintiff.

011C4762-9028-4B0E-B614-6710DC40EC08 : 000002 of 000005

ANS : 000002 of 000005

2

Filed          21-CI-00179        10/22/2021        Cindy Rhodes, Breckinridge Circuit Clerk

### FIFTH DEFENSE

Plaintiff has failed to plead special damages, if any, with specificity as required by Rule 9.06 of the Kentucky Rules of Civil Procedure and any claims for special damages are therefore barred.

### SIXTH DEFENSE

Defendants reserve all defenses related to insufficiency of process or service of process.

### SEVENTH DEFENSE

To the extent there exists any person or entity who has paid any amounts to or for the benefit of Plaintiff on account of events or damages alleged in Plaintiff's Complaint or who have not been properly notified of their subrogation rights, Plaintiff has failed to comply with K.R.S. 411.188, and the claims are therefore barred.

### EIGHTH DEFENSE

The damages alleged in the Complaint were caused by the acts, omissions, or act of primary negligence or intentional conduct or intervening or superseding negligence or intentional conduct of persons or entities other than Defendants for which Defendants have no responsibility, and such negligence or conduct precludes any liability against Defendants.

### NINTH DEFENSE

Plaintiff has failed to join indispensable parties which bars her Complaint in whole or in part.

### TENTH DEFENSE

Any condition on the subject premises which allegedly caused or contributed to the Plaintiff's accident was open and obvious which bars the claims asserted herein, either in whole or in part.

Filed          21-CI-00179        10/22/2021        Cindy Rhodes, Breckinridge Circuit Clerk

### ELEVENTH DEFENSE

The premises were reasonably maintained, which bars Plaintiff's claims asserted herein, either in whole or in part.

### TWELTH DEFENSE

Pending discovery, Plaintiff's alleged damages, if any, were pre-existing or the failure of the result to mitigate.

### THIRTEENTH DEFENSE

Pending discovery, Defendants affirmatively plead all other defenses and affirmative defenses available to them under the common law, civil rules, regulations and statutes of Kentucky and the United States of America. Defendants reserve the right to file further pleadings and assert other defenses in this action as proof develops including, but not limited to, cross-claims, counter-claims or third-party claims.

**WHEREFORE**, the Defendants respectfully demands:

1. Dismissal of Plaintiff's Complaint against them, in its entirety, with prejudice;

2. Recovery of their costs and attorneys' fees incurred in the defense of this action, if applicable;

3. A trial by jury on all issues so triable; and

4. Any and all other relief to which they may appear entitled.

4

011C4762-9028-4B0E-B614-6710DC40EC08 : 000004 of 000005

ANS : 000004 of 000005

Respectfully submitted,

*/s/ Pete Pullen*
A.  Pete Pullen
Mitchell E. Esterle
O'BRYAN, BROWN & TONER, PLLC
401 South Fourth Street, Suite 2200
Louisville, Kentucky 40202
Phone – (502) 585-4700
pullenp@obtlaw.com
esterlem@obtlaw.com
**Counsel for Defendants**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Breckenridge Circuit Court using the ECF system and that a true and correct copy of the foregoing document was served upon the following parties or counsel via the ECF system as well as by email on this **22nd day of October, 2021**:

Larry D. Ashlock
ASHLOCK LAW GROUP, PLLC
306 West Dixie Avenue
Elizabethtown, Kentucky 42701
Ph: (270) 360-0470
Larry@AshlockLawGroup.com
**Counsel for Plaintiff**

*/s/ A. Pete Pullen*
A. Pete Pullen
Mitchell E. Esterle
**Counsel for Defendants**

5

011C4762-9028-4B0E-B614-6710DC40EC08 : 000005 of 000005

ANS : 000005 of 000005

COMMONWEALTH OF KENTUCKY
BRECKENRIDGE CIRCUIT COURT
CASE NO. 21-CI-00179

***ELECTRONICALLY FILED***

ALICE J. JOUETT                                                        PLAINTIFF

v.

CIRCLE K STORES, INC.

and

LAURA C. END                                                         DEFENDANTS

---

### NOTICE OF SERVICE

---

Come the Defendants, Circle K. Stores, Inc. and Laura C. End, by counsel, and hereby give notice that they have served their *Request for Admission to Plaintiff*, upon all parties, through counsel, on this the 22nd day of October, 2021.

Respectfully submitted,

*/s/ Pete Pullen*
A. Pete Pullen
Mitchell E. Esterle
O'BRYAN, BROWN & TONER, PLLC
401 South Fourth Street, Suite 2200
Louisville, Kentucky 40202
Phone – (502) 585-4700
pullenp@obtlaw.com
esterlem@obtlaw.com
**Counsel for Defendants**

1

3A432A0C-E27F-44A4-867C-45054512F7C2 : 000001 of 000002

NO : 000001 of 000002

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Breckenridge Circuit Court using the ECF system and that a true and correct copy of the foregoing document was served upon the following parties or counsel via the ECF system as well as by email on this **22nd day of October, 2021**:

Larry D. Ashlock
ASHLOCK LAW GROUP, PLLC
306 West Dixie Avenue
Elizabethtown, Kentucky 42701
Ph: (270) 360-0470
Larry@AshlockLawGroup.com
**Counsel for Plaintiff**

_/s/ A. Pete Pullen_
A. Pete Pullen
Mitchell E. Esterle
**Counsel for Defendants**

2

3A432A0C-E27F-44A4-867C-45054512F7C2 : 000002 of 000002

NO : 000002 of 000002

COMMONWEALTH OF KENTUCKY
BRECKENRIDGE CIRCUIT COURT
CASE NO. 21-CI-00179


ALICE J. JOUETT                                                                    PLAINTIFF

v.

CIRCLE K STORES, INC.

and

LAURA C. END                                                                   DEFENDANTS

---

## DEFENDANTS' REQUEST FOR ADMISSION TO PLAINTIFF

---

Defendants, Circle K. Stores, Inc. and Laura C. End, pursuant to Kentucky Rule of Civil Procedure 36, hereby propounds the following Request for Admission to Plaintiff to be answered in writing within thirty (30) days from the date hereof.

**REQUEST NO. 1:**   Please admit that the total amount of damages sought by Plaintiff in this lawsuit exceeds or will exceed $75,000.00, exclusive of interest and costs.

**RESPONSE:**


Respectfully submitted,

*/s/ Pete Pullen*
A. Pete Pullen
Mitchell E. Esterle
O'BRYAN, BROWN & TONER, PLLC
401 South Fourth Street, Suite 2200
Louisville, Kentucky 40202
Phone – (502) 585-4700
pullenp@obtlaw.com
esterlem@obtlaw.com
**Counsel for Defendants**

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Breckenridge Circuit Court using the ECF system and that a true and correct copy of the foregoing document was served upon the following parties or counsel via the ECF system as well as by email on this **22nd day of October, 2021**:

Larry D. Ashlock
ASHLOCK LAW GROUP, PLLC
306 West Dixie Avenue
Elizabethtown, Kentucky 42701
Ph: (270) 360-0470
Larry@AshlockLawGroup.com
**Counsel for Plaintiff**

*/s/ A. Pete Pullen*
A. Pete Pullen
Mitchell E. Esterle
**Counsel for Defendants**

*/s/ A. Pete Pullen*
**Counsel for Defendant**

2

COMMONWEALTH OF KENTUCKY
BRECKINRIDGE CIRCUIT COURT
DIVISION I
CIVIL ACTION NO. 21-CI-00179

FILED ELECTRONICALLY

ALICE J. JOUETT                                                    PLAINTIFF

VS.                          **NOTICE OF SERVICE**

MAC'S CONVENIENCE STORES, LLC
d/b/a CIRCLE K                                                   DEFENDANT

\*     \*     \*     \*     \*

Comes the Plaintiff, by counsel, and hereby gives Notice of Service of Plaintiff's

First set of Interrogatories, Request for Production of Documents, and Request for

Admissions to Defendant on October 27, 2021.

Respectfully submitted,

__/s/ Larry D. Ashlock_____
Larry D. Ashlock, Esq.
Ashlock Law Group, PLLC
306 W. Dixie Ave.
Elizabethtown, KY  42701
(270) 360-0470
AshlockLawGroup@gmail.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 29, 2021, a copy of the foregoing was filed with
the Court electronically; and further, that a true and correct copy was served on the
following, by either electronic filing (to those registered with the Court to receive
electronic filings) or by electronic mail: A. Pete Pullen, Esq., pullenp@obtlaw.com

__/s/ Larry D. Ashlock_____
Larry D. Ashlock, Esq.

07B0AF60-B318-406E-84D6-8CD7F48DAA76 : 000001 of 000001

NO : 000001 of 000001

COMMONWEALTH OF KENTUCKY
BRECKINRIDGE CIRCUIT COURT
DIVISION I
CIVIL ACTION NO: 21-CI-00179

ALICE J. JOUETT                                                                    PLAINTIFF

v.

MAC'S CONVENIENCE STORES, LLC
d/b/a CIRCLE K                                                                      DEFENDANT

\*   \*   \*   \*   \*   \*

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
REQUEST FOR PRODUCTION OF DOCUMENTS
AND REQUEST FOR ADMISSIONS TO DEFENDANT**

Comes the Plaintiff, Stephen Ames, by counsel, and propounds the following Interrogatories,

Request for Production of Documents and Request for Admissions upon Defendant, pursuant to

Kentucky Rules of Civil Procedure 33, 34 & 36, to be responded to fully and under oath within thirty

(30) days from date of service.

I. Definitions

A.     As used throughout this Request to Produce, the following terms are defined as

follows:

B.     "Document" is used in the broad sense and means any tangible object or thing that

contains, conveys, or records information. Production is required of the original, or any copy if the

original is not available, of any book, record, minutes of meetings, reports and/or summaries of

interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions

of counsel; communications of any nature, including internal company communications, memoranda,

telegrams, telexes, letters, notes of telephone conferences, agreements, reports or summaries of

negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts and

revisions of drafts of documents, any written, printed, typed or other graphic matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

C.      "Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

D.      If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request meaningful and genuine.

E.      "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

F.      "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents,

representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

G.      "Statement" means (1) any written statement made any a person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

H.      As may be used in these Request "and" is conjunctive (meaning, e.g., A <u>and</u> B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

I.      As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## **<u>INTERROGATORIES</u>**

1.      State the full name, address, occupation and employer of any and all persons who answer these Interrogatories or who have provided information used in compiling the answers to these Interrogatories.

    **<u>ANSWER</u>:**


2.      Is the name of the Defendant correctly stated in the Complaint?  If not, please state the correct name and, if applicable, all name changes from the date of the stated incident to the present.

    **<u>ANSWER</u>:**

3.      State the correct corporate name for the owners and operators of the Circle K, 503 W US 60, Irvington, KY, on the date of the incident stated in the Complaint.

        **<u>ANSWER:</u>**


4.      Are the date, time and place of the stated incident correctly stated in the Complaint?  If not, please state the date, time and place of this stated incident believed or known by you, your agents or attorneys to be correct.

        **<u>ANSWER:</u>**


5.      Please state whether any incident report was prepared by your employees in response to the incident giving rise to this action, and if there was one, please list the name, address and occupation of the current custodian of said incident report.

        **<u>ANSWER:</u>**


6.      Please list the name, last known address and employer of each and every employee employed by and working at said location on the date of the incident as stated in the Complaint.

        **<u>ANSWER:</u>**


7.      State the full name, address, occupation and employer of any and all persons who have investigated this incident for or on behalf of your, your attorneys, agents, insurance carrier, etc.

        **<u>ANSWER:</u>**


8.      State full name, address, occupation and employer of any and all persons known to have any information concerning the incident stated in Plaintiff's Complaint in this action.

        **<u>ANSWER:</u>**


9.      State the full name, address, occupation and employer of all persons contacted by any investigators in their investigation of this incident.

        **<u>ANSWER:</u>**

10.     State the name, address, employer and telephone numbers of any and all persons known to your or to anyone acting on your behalf, who heard or saw or claims to have heard or seen any of the events or happenings that occurred immediately before, at the time of, or immediately after this incident.

        **ANSWER:**


11.     Have you, your agents, investigators, attorneys or anyone acting on your behalf, obtained any kind of written, recorded, or other type of statement from the Plaintiff or any persons described in your previous Interrogatory answers?  If so, please identify each statement by date, identity of person giving statement and name of current custodian of each statement.

        **ANSWER:**


12.     Based on your knowledge at this time, describe in detail how the stated incident happened, including all actions taken by the Defendant to prevent the incident.

        **ANSWER:**


13.     State the frequency and dates of inspections of the area where this incident occurred, to include the subject area where Plaintiff was injured, for the 30-day period prior to the incident and the 24-hour period after this incident, which is the subject matter of this litigation.  State the name, address and job title of the person who made the last inspection(s) prior to the incident.

        **ANSWER:**


14.     Did any person inspect the area where the Plaintiff was statedly injured, to include the subject area Plaintiff was injured in, within 24 hours prior to the stated incident. If so, please state the name and address of each person performing said inspection(s), the times or frequencies of said inspection(s), and whether or not said inspection(s) revealed any defect or condition to be present.

        **ANSWER:**


15.     Did any person inspect the area where the Plaintiff was statedly injured, to include the subject area where Plaintiff was injured, within 24 hours after the stated incident?  If so, please state

the name and address of each person inspecting said subject area, the time and date of each inspection, and the employment capacity of each person, if any.

**ANSWER:**

16.     State whether you have within your possession or control photographs, videos, plates, diagrams of the incident scene or objects connected with said incident.  Describe any and all such items.

**ANSWER:**

17.     State who was responsible for the maintenance and upkeep of that portion of the premises where Plaintiff was injured as stated in the Complaint.

**ANSWER:**

18.     Please state whether or not you have experienced any other substantially similar incidents on the premises involved in this action within six months prior to or six months following the date of incident.

**ANSWER:**

19.     If your answer to questions 18 is yes, please list the name, social security number, address, occupation and telephone number for each and every individual involved in said incidents and describe the status of the individual (i.e., person injured, eye witnesses, etc.) and a general description of the incident itself.

**ANSWER:**

20.     Please state the name, address and telephone number for those individuals responsible for maintaining the premises involved in this action on the date of the incident in question.

**ANSWER:**

21.     Please give the name(s), address(es), and occupation(s) of the person(s) with your company, or outside your company, who would have the most details concerning maintenance, repair, inspection, incident investigation/reporting, surveillance cameras/videos and general upkeep policies and procedures utilized by your company, or on your company's behalf, for the subject area involved in this action on the date of the incident in question.

**ANSWER:**

22.     Please give a concise statement of the facts as to how you contend the Plaintiff's incident took place.

**ANSWER:**

23.     If you contend that Plaintiff acted in such a manner as to cause or contribute to the incident, give a concise statement of the facts upon which you rely.

**ANSWER:**

24.     Does the Defendant or its attorneys intend to call any non-medical expert witnesses at the trial of this case?  If so, please state the name and address of each witness, their qualifications as an expert, the subject matter upon which they are expected to testify, and the substance of the facts and opinions to which each expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**

25.     State whether there is liability insurance covering the Defendant for this incident.  If yes, identify the insurance carrier, policy number and applicable limits of liability.

**ANSWER:**

26.     Please state the name, address and telephone number for any and all outside maintenance company(ies); Mac's Convenience Stores, LLC d/b/a Circle K, maintenance personnel that performed maintenance, inspections, and/or repairs for the area of the incident for one (1) year prior to the date of the subject incident at issue and one (1) year after the date the of the subject incident at issue.

**ANSWER:**

27.     Please state the name, address and telephone number for any and all third party or third parties this Defendant contends may have been negligent and may have been the cause of the Plaintiff's injuries and damages on the date of the subject incident at issue in the Complaint.

**ANSWER:**

## <u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>

**DEFENDANTS SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:**

1.  All statements made by any witnesses to the subject incident at the subject place of business known as the Circle K, 503 W US 60, Irvington, KY.

2.  A true and correct copy of any and all statements made by the Plaintiff pertaining to or concerning the subject matter.

3.  **Color copies** of any and all photographs of the subject area where the Plaintiff was injured.

4.  All surveillance videos for the subject area on the date of incident.

5.  A true and correct copy of any and all insurance agreements, insurance policies or agreements of any kind of nature under which any person or company carrying on an insurance business may be liable to satisfy part of all of a judgment that may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

6.  A true and correct copy of any and all incident/incident report or other documents done in the ordinary course of business containing information about the incident stated in the Complaint, completed by you, or your agents, representatives, or employees surrounding the subject incident and for substantially similar incidents for three (3) years prior to the date of incident and one (1) year subsequent to the date of incident.

7.  A true and correct copy of any and all inspection or check-off sheets or other documents showing who performed inspections, what kind of inspections were performed, the times of the inspections or other information about the inspections that might have been done on the date of the subject incident, as well as the five (5) days before that date in the area where the Plaintiff was injured.

8.  A true and correct copy of any and all documents relating to any inspections and/or maintenance and/or repairs and/or upkeep that may have been done on the date of the subject incident, the five (5) days before that date and the five (5) days after that date at the Defendant's premises and for the area of the Plaintiff's injury.

9.      A true and correct copy of any and all time sheets, clock cards or any other documents showing the hours and time worked by any employees working on the date of the subject incident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises and for two (2) weeks prior to the date of incident and one (1) week subsequent to the date of incident.

10.     A true and correct copy of any and all inspection sheets and/or and other documents for inspections that were used on the date of the subject incident, or that are now used by employees at Defendant's premises, for inspections of subject area where Plaintiff was injured.

11.     A true and correct copy of any and all contracts or agreements with any entity used by Defendant with any responsibilities for inspecting and/or upkeep and/or maintaining and/or repairing Defendant's premises for dangerous conditions or for training your employees about such.

12.     A true and correct copy of any and all written inspection, upkeep, repair, maintenance procedures or policies in place on the date of the subject incident, at Defendant's premises for the subject area where the Plaintiff was injured.

13.     A true and correct copy of any and all safety manuals and/or videos and/or modules, inspection manuals and/or videos and/or modules, and/or training manuals and/or videos and/or modules that any employee who was working on the date of the subject incident, with responsibilities for inspecting the premises for dangerous conditions, correcting dangerous conditions or maintaining/repairing the premises, may have received from Defendant.

14.     A true and correct copy of any and all incident investigation/reporting/risk management manuals and/or videos and/or modules relevant to the incident investigation and reporting for the incident at issue or for any incident on the premises.

15.     A true and correct copy of any and all documents, employee rosters or lists with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions, of all employees working for the Defendant with responsibilities for inspecting the premises for dangerous conditions, correcting dangerous conditions or maintaining the premises and for two (2) weeks prior to the date of incident and one (1) week subsequent to the date of incident.

16.     A true and correct copy of any and all documents or lists with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions of all employees on duty at the subject location on the date of the subject incident and for two (2) weeks prior to the date of incident and one (1) week subsequent to the date of incident.

17.   A true and correct copy of any and all documents and/or employee handbooks provided to the employees of the Defendant who were on duty on the date of the subject incident, explaining maintenance, incident investigation/reporting/risk management, upkeep, inspection, and safety precautions at Defendant's premises.

18.   A true and correct copy of any and all written complaints or documents showing claims, inspections, maintenance records/repairs for the premises or complaints made as to employees being injured on Defendant's premises for five (5) years prior to the date of incident and one (1) year subsequent to the date of incident in a manner substantially similar to that stated in the Complaint.

19.   A listing of all prior substantially similar incidents on the subject premises for five (5) years prior to the incident and one (1) year subsequent to the incident to include the name, address, social security number, and general description of each person involved in each such incident.

20.   **Color copies** of any and all photographs taken of the incident scene.

21.   All personnel files for any employees with knowledge of the subject claim and/or incident investigation/reporting and/or surveillance and/or construction remodeling, including the Corporate Representative(s) of Mac's Convenience Stores, LLC d/b/a Circle K.

22.   All maintenance and repair records for the subject premises for the five (5) years prior to the date of incident and one (1) year subsequent to the date of incident.

23.   A blank copy of an incident report form of the type used as part of the incident investigation of the subject incident.

24.   A **color** copy(ies) of any surveillance video(s), photographs, or depictions taken of the Plaintiff by any investigative or surveillance company at the request of Defendant or its agents, representatives/employees/attorneys to include any and all notes, reports, and billing for same.

25.   A layout of the subject premises to include the location of all active surveillance cameras.

## **REQUESTS FOR ADMISSION**

1.   Admit that the Plaintiff was on the Defendant's premises on November 25, 2020.

   **RESPONSE:**

2.   Admit that the carpeting at the entrance of the store was wet and had bunched up on

Defendant's premises on November 25, 2020.

**RESPONSE:**

3.   Admit that that the Defendant knew or should have known that the carpeting referenced in Request for Admission No. 2 at the entrance of the store was wet and had bunched up before the Plaintiff fell.

**RESPONSE:**

4.   Admit that the Plaintiff fell as a result of the carpeting that was wet and had bunched up as referred to in Request for Admission No. 2.

**RESPONSE:**

5.   Admit that the Plaintiff was injured as a result of the fall caused by the carpeting that was wet and had bunched up as referred to in Request for Admission No. 2.

**RESPONSE:**

Respectfully Submitted,

/s/ Larry D. Ashlock
LARRY ASHLOCK
Ashlock Law Goupr, PLLC
306 West Dixie Ave.
Elizabethtown, Kentucky  42701
Telephone Phone:  (270) 360-0470
Email: Larry@AshlockLawGroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2021, that a true and correct copy was served on the following by electronic mail: A. Pete Pullen, Esq., pullenp@obtlaw.com; and Mitchell E. Esterle, Esq., esterlem@obtlaw.com.

/s/ Larry D. Ashlock
LARRY ASHLOCK

COMMONWEALTH OF KENTUCKY
BRECKENRIDGE CIRCUIT COURT
CASE NO. 21-CI-00179

*ELECTRONICALLY FILED*

ALICE J. JOUETT                                                                PLAINTIFF

v.

CIRCLE K STORES, INC.

and                                                                          DEFENDANTS

LAURA C. END

---

**AGREED ORDER FOR SUBSTITUTION OF CIRCLE K PARTIES
AND DISMISSAL OF LAURA C. END**

---

Plaintiff, Alice J. Jouett, and Defendants, Circle K Stores, Inc. and Laura C. End, being in agreement, and with the Court being duly and sufficiently advised,

IT IS HEREBY ORDERED that Mac's Convenience Stores, LLC d/b/a Circle K is substituted as Defendant in place of Circle K Stores, Inc. and Laura C. End is dismissed as a party to this action pursuant to CR 41.01.

SO ORDERED on this _26_ day of _OCTOBER_, 2021.

_____
HON. _____
JUDGE, BRECKENRIDGE CIRCUIT COURT

ENTERED
CIRCUIT/DISTRICT COURT
OCT 27 2021
CINDY M. RHODES, CLERK
BY: _____ D.C.

**Agreed to by:**


*/s/ Pete Pullen*
A. Pete Pullen
Mitchell E. Esterle
O'BRYAN, BROWN & TONER, PLLC
401 South Fourth Street, Suite 2200
Louisville, Kentucky 40202
Phone – (502) 585-470
pullenp@obtlaw.com
esterlem@obtlaw.com
**Counsel for Defendants**



*/s/ Larry D. Ashlock*
Larry D. Ashlock
ASHLOCK LAW GROUP, PLLC
306 West Dixie Avenue
Elizabethtown, Kentucky 42701
Ph: (270) 360-0470
Larry@AshlockLawGroup.com
**Counsel for Plaintiff**

TD : 000002 of 000002

COMMONWEALTH OF KENTUCKY
BRECKENRIDGE CIRCUIT COURT
DIVISION I
CASE NO. 21-CI-00179

***ELECTRONICALLY FILED***

ALICE J. JOUETT                                                    PLAINTIFF

v.

MAC'S CONVENIENCE STORES, LLC
D/B/A CIRCLE K                                                    DEFENDANT

---

## NOTICE OF SERVICE OF DISCOVERY RESPONSES

---

Please take notice that Defendant, Mac's Convenience Stores, LLC d/b/a Circle K ("Circle K"), by and through counsel, served their *Answers to Plaintiff's First Set of Requests for Admissions* upon all parties, on this 23rd day of November, 2021.

Respectfully submitted,

*/s/ Pete Pullen*
A.  Pete Pullen
Mitchell E. Esterle
O'BRYAN, BROWN & TONER, PLLC
401 South Fourth Street, Suite 2200
Louisville, Kentucky 40202
Phone – (502) 585-4700
pullenp@obtlaw.com
esterlem@obtlaw.com
**Counsel for Defendant**

1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Breckenridge Circuit Court using the ECF system and that a true and correct copy of the foregoing document was served upon the following parties or counsel via the ECF system as well as by email on this **23rd day of November, 2021**:

Larry D. Ashlock
ASHLOCK LAW GROUP, PLLC
306 West Dixie Avenue
Elizabethtown, Kentucky 42701
Ph: (270) 360-0470
Larry@AshlockLawGroup.com
**Counsel for Plaintiff**


*/s/ Pete Pullen*
A. Pete Pullen
Mitchell E. Esterle
**Counsel for Defendant**

COMMONWEALTH OF KENTUCKY
BRECKENRIDGE CIRCUIT COURT
DIVISION I
CASE NO. 21-CI-00179

ALICE J. JOUETT                                                    PLAINTIFF

v.          **ANSWERS TO PLAINTIFF'S FIRST SET OF**
            **REQUESTS FOR ADMISSION**

MAC'S CONVENIENCE STORES, LLC
D/B/A CIRCLE K                                                     DEFENDANT

\* \* \* \* \*

Defendant, Mac's Convenience Stores, LLC d/b/a Circle K for its Answers to Plaintiff's First Set of Requests for Admission, state as follows:

### GENERAL OBJECTIONS

Circle K makes the following General Objections to Plaintiff's Requests for Admission. All responses are subject to and without waiver of any objection.  Circle K's general objections are as follows:

1.     The objections and statements set forth in this section apply to each request and are not necessarily repeated in response to each individual request.  Assertion of the same, similar, or additional objections in Circle K's specific objections to individual requests or its failure to assert any additional objection to a request, does not waive any of Circle K's objections set forth in this section.

2.     Circle K objects to any "instructions" and "definitions" in the requests.  Circle K will provide responses to discovery requests only in accordance with the generally accepted meanings of the terms used and pursuant to the provisions of the Kentucky Rules of Civil Procedure.

3.      Circle K generally objects to Plaintiff's discovery requests to the extent that they improperly seek information protected from discovery by the Attorney-Client Privilege and/or the Work-Product Doctrine or any other applicable privilege or rule of confidentiality provided by law.

4.      Circle K objects to these requests to the extent that Plaintiff or her counsel seek disclosure of opinions, mental impressions, conclusions, or legal theories of Circle K or its counsel, employees, or other representatives.

5.      Circle K generally objects to the time periods encompassed by these requests to the extent that they are not limited if at all to a period reasonably encompassing events relative to the claims in dispute or the entities and parties in the Complaint.

6.      To the extent that the requests are vague, ambiguous, overly broad, unduly burdensome, irrelevant, and the information requested is not germane to the claims and defenses asserted in the pleadings, Circle K objects to the same.

7.      Circle K generally objects to these requests to the extent information is sought that contains trade secrets, confidential business or other proprietary or protected information.

8.      By responding to these requests, Circle K does not concede that any information is relevant, material, discoverable, or admissible in evidence.  Circle K reserves any rights it has to the use of such information as evidence.  Circle K also reserves the right to assert additional objections as appropriate and to supplement these responses, as well as the General Objections. By reason of these responses, Circle K does not waive or intend to waive its right to rely on these general objections to assert additional objections, specific objections as appropriate, and to supplement these responses.

9.      Circle K reserves the right to amend or supplement its answers and responses as discovery progresses.

## REQUESTS FOR ADMISSION

1.      Admit that the Plaintiff was on the Defendant's premises on November 25, 2020.

**RESPONSE:**  Deny for want of knowledge.

2.      Admit that the carpeting at the entrance of the store was wet and had bunched up on Defendant's premises on November 25, 2020.

**RESPONSE:**  Objection.  This Request is vague, ambiguous, and overbroad or unlimited in time and scope.  Subject to and without waiving this objection, deny.

3.      Admit that that the Defendant knew or should have known that the carpeting referenced in Request for Admission No. 2 at the entrance of the store was wet and had bunched up before the Plaintiff fell.

**RESPONSE:**  Objection.  This Request is vague, ambiguous, overbroad or unlimited in time and scope, and unfounded.  Subject to and without waiving this objection, deny.

4.      Admit that the Plaintiff fell as a result of the carpeting that was wet and had bunched up as referred to in Request for Admission No. 2.

**RESPONSE:**  Deny.

5.      Admit that the Plaintiff was injured as a result of the fall caused by the carpeting that was wet and had bunched up as referred to in Request for Admission No. 2.

**RESPONSE:**  Deny.

Respectfully submitted,


/s/ Pete Pullen
A. Pete Pullen
Mitchell E. Esterle
O'BRYAN, BROWN & TONER, PLLC
401 South Fourth Street, Suite 2200
Louisville, Kentucky 40202
Ph:  (502)585-4700
Fax:  (502)585-4703
pullenp@obtlaw.com
esterlem@obtlaw.com
**Counsel for Defendant**


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Breckenridge Circuit Court using the ECF system and that a true and correct copy of the foregoing document was served upon the following parties or counsel via the ECF system as well as by email on this **23rd day of November, 2021**:

Larry D. Ashlock
ASHLOCK LAW GROUP, PLLC
306 West Dixie Avenue
Elizabethtown, Kentucky 42701
Ph:  (270) 360-0470
Larry@AshlockLawGroup.com
**Counsel for Plaintiff**


/s/ Pete Pullen
A. Pete Pullen
Mitchell E. Esterle
**Counsel for Defendant**