UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-00098-GNS-LLK

ALICE J. JOUETT                                                                                                    PLAINTIFF

v.

MAC'S CONVENIENCE STORE, LLC
d/b/a CIRCLE K                                                                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment (DN 24). The motion is ripe for adjudication. For the following reasons, the motion is **DENIED**.

### I.  BACKGROUND

Plaintiff Alice Jouett ("Jouett") entered a Circle K convenience store operated by Defendant Mac's Convenience Store, LLC ("Circle K"). (*See* Jouett Dep. 26:6-27:12, Mar. 20, 2023, DN 26-1; Answer 1, DN 1-1). Jouett stepped onto a mat placed at the entrance of the store and "water just came squishing out." (Jouett Dep. 27:13-19). Jouett slid and fell into a bank machine, which knocked her onto the ground and caused her to hit her head against a brick ledge. (Jouett Dep. 27:19-28:2). Jouett initiated this negligence action in Breckinridge Circuit Court (Kentucky). (*See* Compl., DN 1-1). Circle K removed to this Court asserting diversity jurisdiction. (Notice Removal, DN 1). Circle K now moves for summary judgment. (Def.'s Mot. Summ. J. 1, DN 24).

1

## II. JURISDICTION

The Court has subject-matter jurisdiction over this action through diversity jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00. *See* 28 U.S.C. § 1332.

## III. STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine dispute of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual dispute exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient" to overcome summary judgment. *Anderson*, 477 U.S. at 252.

## IV.     DISCUSSION

Circle K argues that (1) Jouett has failed to carry her burden in showing that an unreasonably dangerous condition existed, and (2) that even if such a condition did exist, it was open and obvious. (Def.'s Mem. Supp. Mot. Summ. J. 4, 6, DN 24-1).

### A.     Plaintiff's Burden

In *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431 (Ky. 2003) the Kentucky Supreme Court adopted a burden shifting framework for premises liability actions. *Id.* at 436-37; *see, e.g.*, *Rollins v. Lowe's Home Ctrs., LLC*, No. 20-152-DLB-CJS, 2023 WL 2252376, at *2 (E.D. Ky. Feb. 27, 2023). Under this framework, a plaintiff creates a rebuttable presumption of negligence where the plaintiff establishes that:

> 1)     he or she encountered a foreign substance or other dangerous condition on the business premises;
> 2)     the encounter was a substantial factor in causing the accident and the customer's injuries; and
> 3)     by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees.

*Nelson v. Costco Wholesale Corp.*, No. 3:18-cv-278-BJB-RSE, 2021 WL 2459472, at *13 (W.D. Ky. June 16, 2021) (internal quotation marks omitted) (quoting *Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2010)), *aff'd*, No. 21-5666, 2022 WL 221638 (6th Cir. Jan. 26, 2022).

Circle K argues that Jouett has failed to present sufficient evidence to support the first element, the existence of a dangerous condition, as she has offered no evidence other than her deposition testimony. (Def.'s Mem. Supp. Mot. Summ. J. 4-6). Circle K draws parallels to other cases where summary judgment was directed in favor of premises liability defendants for the same reason. (*See* Def.'s Mem. Supp. Mot. Summ. J. 4-6). The Court will address each in turn.

Circle K first cites to *Nelson*, where the plaintiff fell from his mobility scooter over a curb and sued, arguing that the curb presented an unreasonably dangerous condition. (Def.'s Mem.

Supp. Mot. Summ. J. 5); *Nelson*, 2021 WL 2459472, at *2. This Court found that there was insufficient evidence of an unreasonably dangerous condition after excluding the plaintiff's expert, who had offered opinions on the mobility scooter, the curb, and the defendant's handicapped parking loading area. *Nelson*, 2021 WL 2459472 at *4-10. The plaintiff was not arguing that some dangerous condition existed on the curb at the time, but rather that the curb itself was inherently dangerous. *See id.* at *14. By contrast, in the present case Jouett has identified an abnormal condition: excessive water in the mat. (Jouett Dep. 27:13-20). Accordingly, *Nelson* is significantly distinguishable from the instant case.

Next, Circle K points to *Nichols v. 1st Stop*, No. 5:16-CV-479-KKC, 2019 WL 846045 (E.D. Ky. Feb. 21, 2019). (Def.'s Mem. Supp. Mot. Summ. J. 5). There, the plaintiff tripped on a floor mat and the court found that there was no evidence that the mat itself was inherently dangerous. *Nichols*, 2019 WL 846045, at *3. Here, Jouett testified that the mat was "sopping wet" and that her clothing was wet after the fall due to the water on the ground around the mat. (Jouett Dep. 27:19, 34:18-19). A wet substance on a floor is a prototypical hazard in a slip-and-fall action. *See, e.g.*, *Miller v. Fayette Mall SPE, LLC*, No. 2020-CA-0542-MR, 2021 WL 2175411, at *6 (Ky. App. 2021) (involving water on the ground of a retail store); *Smith v. Wal-Mart Stores E., LP*, No. 07-238-JBC, 2009 WL 311079, at *3 n.3 (E.D. Ky. Feb. 9, 2009) (noting no issue as to whether water on a store's floor was dangerous). Thus, *Nichols* is factually different from the instant case.

Next, Circle K cites *Key v. United States*, No. 1:11-CV-00100-JHM, 2013 WL 1411217, at *3 (W.D. Ky. Apr. 8, 2013). (Def.'s Mem. Supp. Mot. Summ. J. 5). In *Key*, like here, the plaintiff tripped on a mat. *Id.* at *3. This Court found the plaintiff's evidence insufficient because she "provide[d] no evidence as to the condition of the mat prior to her fall." *Id.* at *3. The plaintiff

4

admitted that "she did not know the condition of the mat before she fell." *Id.* (citation omitted). She believed that the mat must have been folded or wrinkled in order for her to have tripped over it, but this Court found this testimony too speculative to create a genuine issue of material fact. *Id.* This is plainly not the case here, where Jouett's testimony is that the mat was extremely wet when she stepped on it. (*See* Jouett Dep. 27:13-20). This renders *Key* inapplicable here.

Finally, Circle K relies on *Phelps v. Bluegrass Hospitality Management, LLC*, 630 S.W.3d 623, 629 (Ky. 2021). (Def.'s Mem. Supp. Mot. Summ. J. 6). In *Phelps*, the Kentucky Supreme Court directed summary judgment in favor of the defendant, holding that the plaintiff's testimony relied entirely on conjecture. *Id.* at 629. The plaintiff only testified that she slipped on a waxy substance on the floor, but there was no testimony of anyone actually seeing such a substance where she fell or about what the substance actually was. *See id.* Again, Jouett has testified directly as to what she believes caused her fall: excessive water in the floor mat at the store's entrance. (Jouett Dep. 90:7-9). While like in *Phelps*, Jouett is relying on her testimony, there is enough difference between the details offered by the plaintiff in that case and Jouett here that *Phelps* is not dispositive.

The Kentucky Court of Appeals decision in *CBL & Associates Management, Inc. v. Chatfield*, No. 2015-CA-000826-MR, 2017 WL 1548199 (Ky. App. Apr. 28, 2017) is instructive. There, like here, the plaintiff relied on her testimony to establish the existence of the dangerous condition that she alleged caused her fall, a slick spot on the floor. *Id.* at *3. The court affirmed the trial court's denial of a motion for directed verdict, holding that the plaintiff had created a jury issue because she specifically identified a dangerous condition, distinguishing cases where plaintiffs failed to create jury issues by simply speculating about the existence of a dangerous condition. *Id.* at *3; *see Seye v. Richardson*, No. 2:14-CV-38-EBA, 2015 WL 1868793, at *2

(E.D. Ky. Apr. 23, 2015) ("The test for deciding a motion for summary judgment is essentially the same as that for a directed verdict motion." (citation omitted)). Likewise, in this instance, Jouett has identified a specific condition: a mat in the doorway so wet that water "squish[ed]" out when she stepped on it.[1] (*See* Jouett Dep. 27:13-20). Accordingly, like in *Chatfield*, Jouett's testimony is sufficient to establish the existence of a dangerous condition because she has "identif[ied] the mechanism which caused her fall . . . ." *Phelps*, 630 S.W.3d at 629.

Circle K emphasizes the lack of evidence of notice or of prior incidents involving the mat. (Def.'s Mem. Supp. Mot. Summ. J. 6). Notice, however, is irrelevant to this stage of the *Lanier* burden shifting analysis, which the Kentucky Supreme Court adopted to obviate the requirement that premise liability plaintiffs present evidence of notice to survive summary judgment, noting the "inherent inequity" in that approach. *Lanier*, 99 S.W.3d at 434. Although some courts have considered a lack of evidence of notice or prior incidents in considering whether a plaintiff has met his or her burden under *Lanier*, this is done to determine whether a dangerous condition existed when there is no other evidence of a dangerous condition, other than the fact of the fall. *See, e.g.*, *Nichols*, 2019 WL 846045, at *3 (noting that the plaintiff fell on an ordinary commercial grade floor mat and listing proof of prior incidents as evidence that might have allowed her meet her burden); *Nelson*, 2021 WL 2459472, at *14 (listing proof of prior incidents among the kinds of evidence that might have supported the plaintiff's claim that a dangerous condition existed where plaintiff fell off of a curb).

---

[1] Jouett also mentioned that the corner of the mat may have been flipped up but expressed uncertainty about whether or not this actually related to her fall, and ultimately testified that it did not, attributing the cause of the fall to the wetness of the mat. (Jouett Dep. 27:13-19, 36:19-24, 90:7-9).

In its reply, Circle K contends that Jouett's testimony fails to identify the mechanism causing her fall because she expressed uncertainty whether she slid or tripped over a bunched-up part of the mat and was unable to identify precisely when she fell. (Def.'s Reply Mot. Summ. J. 3-4, DN 26). While Jouett expressed some uncertainty about her fall, that does not bring this case into the purview of *Phelps* or the other cases cited by Circle K because Jouett ultimately testified that she did not step on the flipped up portion of the mat and that she had no doubt that it was the mat's wetness that caused her fall. (Jouett Dep. 90:7-9). While Jouett's apparent confusion may raise issues of credibility, those issues squarely within the purview of the finder of fact are not appropriate for summary disposition. *See Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citations omitted).

In conclusion, Jouett's testimony establishes the existence of the condition that caused her fall that a reasonable juror could conclude was dangerous, and therefore summary judgment is denied as to this argument.

B. **Open and Obvious**

Circle K next argues that, assuming there was a hazard, it was open and obvious. (Def.'s Mem. Supp. Mot. Summ. J. 6-10). The open and obvious doctrine is an exception to the general rule that "land possessors owe a duty to invitees to discover unreasonably dangerous conditions on the land and to either correct them or warn of them." *Schmidt v. Intercontinental Hotels Grp. Res., Inc. & Hotel*, 850 F. Supp. 2d 663, 667 (E.D. Ky. 2012) (quoting *Ky. River Med. Ctr. v. McIntosh*, 319 S.W.3d 385, 388 (Ky. 2010)). The open and obvious doctrine "provides that possessors are not liable to invitees that are injured by open and obvious dangers." *Id.* (citing *McIntosh*, 319 S.W.3d at 388). This doctrine is not a complete bar to liability where "the land possessor can foresee the injury, but nevertheless fails to take reasonable precautions to prevent

7

the injury . . . ." *Stinson v. Wal-Mart Stores E., LP*, No. 2012-CA-001711-MR, 2013 WL 4041457, at *3 (Ky. App. Aug. 9, 2013) (quoting *McIntosh*, 319 S.W.3d at 392). In such a case, the openness and obviousness of the danger is a factor for the jury to consider when apportioning comparative fault. *Id.* (citing *McIntosh*, 319 S.W.3d at 392). In other words, as the Kentucky Supreme Court clarified in *Shelton v. Kentucky Easter Seals Society, Inc.*, 413 S.W.3d 901 (Ky. 2013), the openness and obviousness of a dangerous condition is a "circumstance" that must be factored into determining whether the condition presented a foreseeable risk that the defendant had a duty to warn about or eliminate. *See id.* at 911-12.

A condition can be open and obvious if the condition is either subjectively known to the plaintiff or is objectively obvious. *Dick's Sporting Goods, Inc. v. Webb*, 413 S.W.3d 891, 895 (Ky. 2013). A plaintiff has subjective knowledge of a condition when "she is aware 'not only . . . of the existence of the condition or activity itself, but also appreciate[s] . . . the danger it involves." *Id.* (alteration in original) (quoting Restatement (Second) of Torts § 343A(1) cmt. b (1965)). A condition is objectively obvious when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." *Id.* (quoting Restatement (Second) of Torts § 343A(1) cmt. b (1965)).

In support of its argument, Circle K draws parallels to two of this Court's prior decisions: *Dyche v. Circle K Stores, Inc.*, No. 3:14-CV-00518-CRS, 2015 WL 7458640 (W.D. Ky. Nov. 23, 2015), and *Wiley v. Sam's Club, Inc.*, No. 3:14-CV-54-GNS, 2015 WL 3687440 (W.D. Ky. June 12, 2015). (Def.'s Mem. Supp. Mot. Summ. J. 8-9).

*Dyche* involved a plaintiff who fell on a raised section of pavement outside of a Circle K convenience store. *Dyche*, 2015 WL 7458640, at *1. This Court found that the raised pavement was open and obvious because it was a different color than the other pavement and there was a

clear line where the elevation changed. *Id.* at *4. By contrast, this case involves a mat placed at a point of ingress that, viewing the evidence in the light most favorable to Jouett, had the irregular condition of being extremely wet. The conditions at issue are simply too different from *Dyche* to provide strong support that that the condition here was open and obvious.

*Wiley* is similarly inapplicable. In *Wiley*, the plaintiff fell on an orange cone that was eleven to twelve inches tall. *Wiley*, 2015 WL 3687440, at *1. This Court noted in *Wiley* that the area around the cone was "well-lit, dry, and free of debris." *Id.* Finding the condition open and obvious this Court noted, "It is difficult to imagine a more obvious condition than a twelve-inch orange warning cone, specifically designed to attract attention." *Id.* at *5. Plainly, there is a substantial difference between a cone, typically meant to draw attention to an unsafe condition, and a floor mat which is typically meant to be stepped on. Accordingly, *Wiley* offers little guidance here.

Jouett's testimony, viewed in the light most favorable to her as required on summary judgment, simply does not support a finding that the alleged condition was open and obvious as a matter of law. Jouett stated in her deposition that she did not realize that the mat was wet until she stepped on it and could not tell just by looking at it that it was wet. (Jouett Dep. 32:20-25, 90:18-22). This creates a factual issue as to whether Jouett was subjectively aware of the condition. Further, there is insufficient evidence in the record from which the Court could conclude that the condition was objectively obvious. It is within the realm of common knowledge that a floormat at the entrance of a store will be walked on, especially by individuals coming inside during inclement weather. Absent some proof showing that there was a visible pool of water or other indication that the mat was unsafe, the Court cannot rule as a matter of law that any dangerous condition that existed was objectively obvious. Accordingly, summary judgment is denied as to this basis.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (DN 24) is **DENIED.**

                                                            Greg N. Stivers, Chief Judge
                                                            United States District Court

                                                                      July 9, 2024

cc:    counsel of record